**LAWRENCE N. CHAGNON v. MILDRED G. CHAGNON**

31 So. (2nd) 865                                  June Term, 1947
September 16, 1947                                      Division A

*A. C. Franks* and *E. Paul Beatty,* for appellant.

*L. Raymond O'Steen,* for appellee.

CHAPMAN: J.:

From a final decree entered by the Circuit Court of Dade County, Florida, an appeal has been perfected here. The terms of the challanged decree granted the wife (plaintiff below and appellee here) (1) a divorce from the husband (appellant); (2) awarded the custody of their three children, ages 11, 13 and 15, to the mother, with visitation privileges to the father; (3) the father was ordered to pay for the support and maintenance of the three minor children the sum of $30.00 per week: (4) the exclusive possession and control of the home, held by the parties litigant as an estate by the entireties, were awarded to the appellee, with improvements and furnishings; (5) the appellant was ordered to remove himself and personal effects from the home described in the final decree within ten days after the rendition of the decree; (6) the parties were restrained from selling or mortgaging the real estate; (7) the sum of $2,000.00, admitted to be the property of the appellant and placed into the registry of the court below (less certain designated payments therefrom), was decreed to remain therein until the further order of the court "for the purpose of insuring compliance of the terms of the decree by the defendant."

Counsel for appellant contend that the divorce decree is not sustained by the evidence adduced and other phases of the final decree are unjust and inequitable. The record has been studied in light of these many contentions. It is true that most of the testimony adduced by the wife was that given by her mother, herself and children. The neighbors testified in a negative way to the effect that a considerable portion of this testimony was unknown to them. It cannot

be said, when all the testimony is considered, that the Chancellor abused his discretion in granting the wife a divorce from her husband, although the husband complained that she compelled him to eat "cold potatoes and tallow gravey" when returning home about 8:30 each evening after a hard day's work of approximately twelve hours.

The facts presented in this suit, as a matter of law, require the husband to pay all the costs of this litigation. The record discloses that the sum of $2,000.00, property of the appellant, was paid into the registry of the court and counsel fees and court costs have been paid therefrom, as directed, by the terms of the final decree. One of the terms of the decree restrained its removal therefrom and it was retained for the purpose of enforcing a compliance with the terms of the final decree by the appellant. It now appears that the costs of this litigation have been paid. It is our view that the remaining sum or balance of the $2,000.00, after the payment of the enumerated items, should be immediately paid to the appellant under an appropriate court order, and the final decree in this respect should be amended or modified, and when so amended this portion of the final decree stand affirmed.

The record discloses that the husband earns weekly approximately the sum of $55.00 to $60.00, and, after paying $30.00 each week for the support and maintenance of his minor children, the remaining sum is insufficient. It is contended, to provide food, clothes, room rent and other incidentals for the appellant's daily requirements so as to enable him to perform the obligations of his employment. Emphasis was placed on the high cost of living now prevailing in the Miami area. The record is silent as to the rental value of the home and the small out house situated on the back of the lot where the parties to this suit roomed and awarded to the appellee by the terms of the decree. Provision (5) *supra* of the final decree directs appellant to remove himself and personal effects from the premises within ten days after the entry of the final decree. In light of the merits of counsel's contention, it is our view that this provision of the final decree should be modified and the appellant permitted to remain

upon the premises, but his possession thereof limited and restricted to the possession of the little house on the back of the lot, which he is hereby permitted to retain and occupy as a room, conditioned on good behavior and full compliance with the terms of the final decree until the further order of the court.

The decree appealed from is modified as above set out and hereby affirmed as amended and modified.

THOMAS, C. J., TERRELL and SEBRING, JJ., concur.